## John Huston et al., Appellees, v. Louis M. Newgass et al., Appellants.

## Gen. No. 16,076.

VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the evidence unless clearly and manifestly against its weight.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed January 16, 1912.

NEWMAN, NORTHRUP, LEVINSON & BECKER, for appellants; HARRY GOODMAN and CHESTER E. CLEVELAND, of counsel.

GUERIN, GALLAGHER & BARRETT, for appellees.

MR. JUSTICE SMITH delivered the opinion of the court.

This action of assumpsit is brought by the payee in a draft, against the acceptors, for nonpayment. The acceptance was by letter written before the draft was issued. The case has been to the Supreme Court on review from a former trial, and is reported in Huston v. Newgass, 234 Ill. 385. The material facts are stated in the opinion of the Supreme Court and the substan-

tive law governing the case is there laid down. Appellants urge that the Superior Court erred in denying the motion of defendants to exclude each of the counts in the declaration from the consideration of the jury on the ground that there was no evidence to sustain the same. We are of the opinion that the court did not err in denying the motions of the defendants.

It is next urged that the court erred in denying the motion of the defendants to exclude all the evidence and direct a verdict in their favor. There is no sound basis in the case for urging error on this ground.

It is also urged that the court erred in admitting in evidence certain checks marked Exhibits 14 to 23, which were given for the fourteen horses composing the shipment of July 20, 1904, on the ground that the checks were immaterial because the draft of July 21 shown in evidence does not come within the terms of the letter of April 15, 1904, by which defendants accepted in advance the draft. While the checks were not necessary evidence in order to authorize the plaintiffs to recover we think they were admissible upon the ground that they tended to show the manner in which the business was conducted by Grindell and Dainty while they were purchasing horses for shipment to the defendants.

It is claimed that the trial court erred in admitting in evidence the checks marked Exhibits 1 to 13 and 24 to 32 because such checks were not given for the fourteen horses composing the last shipment to defendants. The remarks made with reference to the other exhibits are applicable to these, and we think the court did not err in admitting the evidence.

The draft dated July 21, 1904, was admitted in evidence. Error is urged on admission of the draft because it did not come within the terms of the letter of April 15, 1904. We think there was no foundation for the objection and the court properly admitted the draft.

The trial court did not err in excluding evidence tending to show that the partnership of Dainty & Grindell was dissolved before the last shipment, for the reason that there is no evidence tending to show that the plaintiffs were notified of such dissolution, and under the law as laid down in Huston v. Newgass, *supra,* the partnership was not dissolved as between plaintiffs and Grindell and Dainty until notice of its dissolution was served upon plaintiffs.

For the same reason the court properly excluded evidence tending to show that the last shipment was made by I. Grindell and not by Dainty & Grindell.

It is urged that the first instruction given at the request of the plaintiffs was improper in that it submitted to the jury as a question of fact whether the draft of July 21, 1904, was drawn pursuant to the terms of the letter of April 15, 1904, and whether that letter was an acceptance of the draft of July 21; and furthermore it is urged that the instruction purported to tell the jury under what circumstances plaintiffs would be entitled to a verdict, and improperly singled out part of the evidence and ignored material evidence, and also ignored defendants' theory of the case.

In our opinion these objections are based upon either a strained or unnatural construction of the instruction or a misconception of its purport and plain meaning. The instruction may be obnoxious to objections in some of its phrases, but it states the law of the case and it was not misleading to the jury.

It is urged that the court erred in giving the second instruction asked by the plaintiffs, upon the ground that the instruction improperly told the jury that they must not take into consideration what the horses were sold for after they were received by the defendants. The ruling of the court was proper. The evidence as to what the horses were sold for after they were shipped to Chicago was irrelevant and immaterial to the case.

It is urged that the court improperly told the jury in the seventh instruction, given at the instance of the plaintiffs, that any evidence tending to show a dissolution of the partnership of Dainty & Grindell was wholly incompetent and should be disregarded by the jury. This we think was a correct instruction, under the ruling in Huston v. Newgass, *supra*.

We do not think that the eighth instruction, given by the court at the request of plaintiffs, left the jury to speculate as to the amount, if anything, due to plaintiffs on account of the cause of action set forth in the declaration.

The court refused an instruction requested by the defendants to the effect that the common counts of the declaration consisted of several different counts, but that they should give consideration to only one of the counts, namely, the count for money had and received, and so far as that count was concerned, they should find in favor of the defendants, unless they believed from the evidence and under the instructions of the court, that the plaintiffs were entitled to recover from the defendants the amount which the fourteen head of horses comprising the carload of horses shipped on or about July 20, 1904, brought at the sale of horses at the Union Stock Yards. The court ruled correctly in refusing the instruction.

The court also refused the second instruction requested by the defendants, to the effect that if the jury believed from the evidence that the plaintiffs presented or caused to be presented to the defendants for payment the draft set out in the plaintiffs' declaration, bearing date July 21, 1904, and it was given for a considerable amount more than I. Grindell or Dainty & Grindell had paid for the horses shipped to Newgass & Son on or about July 20, 1904, and that Newgass & Son refused to honor and pay the draft for the reason among others that the same was for an excessive amount, the plaintiffs could not recover from the defendants upon

the draft. We think upon the evidence offered in the case the refusal of the instruction was correct, as it did not state the law applicable to the case.

By the third instruction requested by the defendants the court was asked to inform the jury that they should take into consideration only those checks which were given on account of the cost of the fourteen head of horses which comprised the carload of horses shipped on or about July 20, 1904. The court refused to give the instruction. The instruction if given would in our opinion have been misleading and improper, and the ruling of the court in refusing to give it was correct.

Appellants urge that the court erred in refusing to submit to the jury special findings numbered 1, 2, 3 and 4 requested by defendants. We do not think that material error was committed by the court in refusing to submit the findings to the jury.

Upon a careful consideration of all the evidence offered in the case we are of the opinion that it abundantly sustains the verdict of the jury, and the special findings. The evidence in the record leaves no doubt whatever in the mind of the court that the verdict and judgment was amply supported by the evidence produced in the case, and that the court and jury could not under the evidence arrive at a different conclusion from that expressed in the judgment.

We find no reversible error in the record, and the judgment is accordingly affirmed.

*Affirmed.*